AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

**FILED**
AUG 1 0 2021
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 21-mJ-559-SH |
| JORDAN MATTHEW DEMENT, JAMES DYLAN BUCHANAN | ) ) ) | |
| Defendant(s) | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _August 9, 2021_ in the county of _Tulsa_ in the Northern District of Oklahoma, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 1151, 1152, and 13; 21 O.S. §§ 1431 and 1436 | First Degree Burglary in Indian Country |

This criminal complaint is based on these facts:
See Attached Affidavit TFO Kristie Behar, FBI

☒ Continued on the attached sheet.

_Sgt. K Behar #237_
Complainant's signature

TFO Kristie Behar, FBI
Printed name and title

Sworn to before me and signed by telephone.

Date: 8/10/21

_[Judge's signature]_
Judge's signature

City and state: Tulsa, OK

United States Magistrate Judge Susan E. Huntsman
Printed name and title

## Affidavit in Support of an Arrest Warrant
## In the Northern District of Oklahoma

I, Kristie Behar, being duly sworn under oath, do hereby depose and state:

### Introduction

1. I am a Task Force Officer with the Federal Bureau of Investigation and I am a Federal law enforcement officer as defined in Rule 41. I have been employed as a Police Officer in the City of Sand Springs, since 1998. As a result of my employment with the Sand Springs Police Department, my duties include, but are not limited to, the investigation and enforcement of State and Federal Laws within the City of Sand Springs.

2. As part of my duties as a detective, I investigate criminal violations relating to crimes in Indian Country, to include violations of First Degree Burglary in Indian Country 18 U.S.C. §§ 1151, 1152, and 13; 21 O.S. §§ 1431 and 1436. I have received training in Indian Country and violent crimes and have investigated violent crimes in Indian Country.

3. The facts and statements in this affidavit are based in part on information provided by other law enforcement officers and on my personal observations and training and experience as a Detective for Sand Springs Police Department. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. It is my belief that a male known as Jordan Matthew Dement (DOB: XX-XX-2002) and a male known as James Dylan Buchanan (DOB: XX-XX-2001) have

1

violated 18 U.S.C. §§ 1151, 1152, and 13; 21 O.S. §§ 1431 and 1436- First Degree Burglary in Indian Country. Specifically, that on or about August 9th, 2021, Dement along with Buchanan entered, without permission, into the occupied dwelling of S.N. (DOB: XX-XX-1945), an enrolled member of the Cherokee Nation, with the intent to commit some crime therein. The First Degree Burglary took place at 10 W. 31st Street, Sand Springs, Oklahoma in Muscogee (Creek) Nation, which is in Indian Country within the Northern District of Oklahoma.

**The Source of My Information and Grounds for My Beliefs Are As Follows:**

5. I am informed by Sand Springs Police Officer Hunter Garrison that he was called to the above location. He is cross deputized by the Muscogee (Creek) Nation ("MCN") to investigate tribal crimes in Indian Country. He reported that he was dispatched to a burglary in progress of a dwelling and an identified reporting person could hear multiple people in the residence. Officer Garrison arrived in the area and observed two males in the 100 block of W. 32nd Street in Sand Springs, carrying a large object later determined to be a safe stolen from the S.N.'s dwelling.

6. Officer Garrison ordered both males to drop the safe and show their hands, both complied and then one male fled west on 32nd Street, wearing a red plaid shirt, red bandana around his neck and weighed about 160 lbs. Officer Garrison detained the other male, who gave his name as Jude Calvert (DOB:07-15-2002). A photograph of Jude Calvert was sent from Officer Garrison to another officer on scene with the victims at 10 W. 31st Street, and it was determined that Jude Calvert

2

was actually Dement, (DOB: XX-XX-2002). Officer Garrison discovered that the reason for the false impersonation was to avoid being arrested for a felony warrant under his real name of Jordan Matthew Dement out of Creek County, OK.

7. Officer Garrison located a blue jacket that was inside a backpack that Dement was carrying, Officer Garrison also located a debit card belonging to J.N. in that jacket. Officer Garrison knew one of the victims at 10 W. 31st ST was J.N., so he made contact and determined that J.N.'s purse was on the nightstand directly next to her and she was missing her debit card and medication. J.N. stated no one should be in possession of her debit card.

8. The homeowner is S.N. and she is deaf, and the reporting person is her granddaughter J.N. (DOB: XX/XX/1989), also an enrolled member of the Cherokee Nation, who happened to stay the night and was asleep in a spare bedroom with her 9 year old daughter. She reported that she was awoken by a guy standing over her bed wearing a dark hoodie and covid mask. She woke up and said, "what the hell are you doing?" The male she recognized as being her brother, Buchanan by his eyes, stature and that he wouldn't answer her. He kept pushing the mask up like to cover his eyes, but she could tell it was her brother. She could hear the floors crackling like other people were in the house also, as he left her room. She called her mother, K.B., and told her what had just happened, to see if Buchanan was home and she stated that he was not home. She then called the police and told them what had happened,

3

and that the safe stolen was in the bedroom that she was sleeping and belonged to her grandmother, S.N.

9. Officer Raglin was returning the safe to the residence and showed K.B. a picture of the person arrested and K.B. advised that it was Jordan Dement. Dement lives with her and Buchanan, and neither were home during this event and both their wallets and cell phones were at her residence. It was determined at this time that Jude Calvert was actually Dement.

10. It was determined the point of entry was the converted bedroom garage window had been left unlocked, they believe by Buchanan a few days earlier when he came to visit his grandmother. This is the same bedroom he had when he did live at the residence in years past.

11. The key to the safe was used to open it by S.N. and all the contents were still inside, including a .357 Dan Wesson revolver Serial #246980 belonging to K.B. (DOB: XX-XX-1966, an enrolled member of the Cherokee Nation) and all the ammunition. All the jewelry and coins belonging to S.N. were also still inside the safe.

13. I have confirmed through Cherokee Tribal Dispatch that the victims, S.N., K.B. and J.N. are enrolled members of the Cherokee Nation. I have also confirmed Buchanan and Dement are not enrolled in a federally recognized tribal organization.

14. The above described crimes all occurred in the Northern District of Oklahoma and in Indian Country, specifically, the Muscogee (Creek) Nation.

## RELEVANT STATUTES

**Indian Country Defined 18 U.S.C. § 1151 provides, in pertinent part:**

Except as otherwise provided in sections 1154 and 1156 of this title, the term "Indian Country" as used in this chapter, means (a) all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent, and including rights-of-way running through the reservation (b) all dependent Indian communities within the borders of the United States whether within the original or subsequently acquired territory thereof, and whether or without the limits of the state and (c) all Indian allotments the Indian titles to which have not been extinguished, including the rights-of-way running through the same.

**Indian Country Crimes Act 18 U.S.C. § 1152 provides, in pertinent part:**

Except as otherwise expressly provided by law, the general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States, except the District of Columbia, shall extend to the Indian country.

This section shall not extend to offenses committed by one Indian against the person or property of another Indian, nor to any Indian committing any offense in the Indian country who has been punished by the local law of the tribe, or to any case where, by treaty stipulations, the exclusive jurisdiction over such offenses is or may be secured to the Indian tribes respectively.

**Assimilated Crimes Act 18 U.S.C. § 13 provides, in pertinent part:**

Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, or on, above, or below any portion of the territorial sea of the United States not within the jurisdiction of any State, Commonwealth, territory, possession, or district is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

**First Degree Burglary 21 O.S. §§ 1431 and 1436 provides, in pertinent part:**

Every person who breaks into and enters the dwelling house of another, in which there is at the time some human being, with intent to commit some crime therein, either:

1. By forcibly bursting or breaking the wall, or an outer door, window, or shutter of a window of such house or the lock or bolts of such door, or the fastening of such window or shutter; or

2. By breaking in any other manner, being armed with a dangerous weapon or being assisted or aided by one or more confederates then actually present; or

3. By unlocking an outer door by means of false keys or by picking the lock thereof, or by lifting a latch or opening a window, is guilty of burglary in the first degree.

## Conclusion

Based on the information set forth in this affidavit, I submit there is probable cause to believe that Jordan Matthew Dement and James Dylan Buchanan have violated First Degree Burglary in Indian Country 18 U.S.C. §§ 1151, 1152, and 13; 21 O.S. §§ 1431 and 1436.

Kristie Behar, Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me by telephone on the 10th day of August, 2021

SUSAN E. HUNTSMAN
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF OKLAHOMA